SHINNERS, Sheriff, Plaintiff in error, vs. STATE EX REL. LAACKE, Defendant in error.

*June 5—June 24, 1935.*

24

For the plaintiff in error there was a brief by *William A. Zabel,* district attorney of Milwaukee county, *Herman A. Mosher,* deputy district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Mosher.*

For the defendant in error there was a brief by *Poss, Toelle & Schuler,* attorneys, and *Benjamin Poss* and *Joseph P. Brazy* of counsel, all of Milwaukee, and oral argument by *Mr. Poss* and *Mr. Brazy.*

MARTIN, J. The defendant in error is charged with a violation of sec. 348.179, Stats. Said section reads:

"Any person engaged in the business of receiving deposits of money for safekeeping, any officer or employee of any bank, banking company, or trust company, any executor, administrator, guardian, trustee, or receiver, or any other person holding property or money in any manner in a trust capacity, who shall buy, sell, deal, or traffic in any goods, stocks, grains, or other property or article of commercial barter by making or requiring any deposit, payment, or pledge of any margin or of any money or property to cover future fluctuations in the price of such goods, stocks, grains, or other property so bought, sold, dealt, or trafficked in, shall be punished by imprisonment in the state prison for not more than ten years nor less than one year."

The defendant in error was held to the municipal court of Milwaukee county for trial after a preliminary examination and brings this writ of *habeas corpus* on the grounds that he did not belong to any class which the statute sought to restrain, and further, that even if he were a member of one of the classes enumerated in the statute, his conduct did

not violate the provisions of the statute under which he was being prosecuted.

During the years 1930 and 1931 defendant served as a member of the board of directors of the Milwaukee Commercial Bank, a state banking corporation located in the city and county of Milwaukee. The evidence taken before the examining magistrate disclosed that during the years 1928 through 1931 the defendant purchased a substantial amount of stock through Paine, Webber & Company, an investment house having an office in the city of Milwaukee. It is not claimed that the defendant used any of the bank's money in buying this stock. There is no evidence in the record that the defendant paid any money to Paine, Webber & Company "to cover future fluctuation in the price" of the stock purchased, which is a necessary element of the alleged crime created by sec. 348.179, Stats. There is no evidence that the brokerage house ever made any demand upon the defendant to make any payments to protect it against fluctuations.

A large number of the stocks referred to in the complaint as having been bought on margin "to cover future fluctuation" were actually delivered to the defendant upon his payment for them in full. Copies of the ledger sheets of Paine, Webber & Company showing its account with defendant show that it was the habit of the defendant to order stocks from said company from time to time, make substantial payments to the brokerage house on his account from time to time, and at the end of each year to settle his account with said company and accept delivery of the stocks then on hand. The evidence further shows that when Paine, Webber & Company received an order to buy stocks it immediately went out on the market and purchased the stock ordered by the customer. It does not deal in futures. In the event the customer does not furnish sufficient money to pay for the stock in full at the time it is ordered, Paine, Webber & Com-

pany advances the money necessary to complete the purchase. The ledger sheets show that at the end of most months during the period covered in the complaint defendant had more money to his credit than he owed for the stocks purchased.

The state contends, first, that the defendant in error comes within the statute because he was a "person engaged in the business of receiving deposits of money for safekeeping;" and, second, that defendant in error comes within the statutory provisions because as a director he was an officer of the bank. Defendant's connection with the Milwaukee Commercial Bank during all the time in question was that of a stockholder and a member of its board of directors. Sec. 1 of art. II of the bank's by-laws provides that: "The officers of this bank shall be: President, two vice-presidents, cashier, and such other officers as the board of directors may determine upon. Such officers shall be elected or appointed annually by the board of directors, by whom their compensation shall be fixed and their several duties prescribed." There is nothing in the record to show that the board of directors created, elected, or appointed any "other officers" such as they were empowered to under the provisions of sec. 1 of art. II. Sec. 221.08 (6), Stats., provides: "The officers of the bank shall be elected by the board of directors and hold their offices for one year and until their successors are elected and qualified, unless sooner removed by the board of directors."

Sec. 348.179, Stats., in so far as it relates to banks, specifically mentions "any officer or employee of any bank," and makes no reference to a director. In all our statutes, civil and criminal, relating to banks where liabilities or duties are imposed upon directors, the word "director" is specifically mentioned. This prosecution is under a statute highly penal. It is a fundamental rule of criminal law that no case is to be brought within a statute charging an offense

unless completely within its words; and no person is to be made subject to the provisions of a criminal statute by implication. Bishop, Statutory Crimes (2d ed.), §§ 194 and 220. This author says, § 194:

"Such statutes are to reach no further in meaning than their words; no person is to be made subject to them by implication, and all doubts concerning their interpretation are to preponderate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter."

A statutory offense, therefore, has precisely the proportions which the statute gives to it, and can have no other or greater. *Laun v. Pacific Mutual L. Ins. Co.* 131 Wis. 555, 572, 111 N. W. 660.

The learned trial court in discharging the defendant from custody said:

"It is the opinion of this court that, inasmuch as section 348.179 contains no mention of the word 'director,' the relator does not come within the purview of the statute. The legislature has expressed its intent, and, under elementary rules of law, it is not the province of the court to extend the scope of a criminal statute."

We are in full accord with the trial court's interpretation of the statute on which this prosecution is based. When we consider the many other sections of the statutes which specifically mention the title "director," there is no basis to assume or indulge in a presumption that the legislature intended to include a bank director who was not otherwise an officer or employee of the bank, banking company, or trust company, within the purview of sec. 348.179.

Sec. 221.17, Stats., punishing the making of false statements, reads as follows: "Any banker, officer, *director,* or employee of any bank who shall wilfully and knowingly. . . ."

Sec. 221.31, Stats., punishing unauthorized loans, reads as follows: "(1) No bank or mutual savings bank shall loan

more than one thousand dollars in the aggregate to any *director,* officer or employee, except under the following conditions. . . ."

Sec. 221.39, Stats., relating to embezzlement, reads as follows: "Every president, *director,* cashier, officer, teller, clerk or agent of any bank or mutual savings bank who embezzles. . . ."

Sec. 221.40, relating to unlawful commissions, reads: "Any officer, *director,* agent or employee of any bank, or mutual savings bank, who shall for himself, directly. . . ."

Sec. 343.37, Stats., punishing corporate frauds, commences as follows: "Any *director,* officer, or manager of any body corporate or public company who shall as such receive or possess himself of any money. . . ."

Sec. 348.18, Stats., relating to the issuance of imitation money, commences: "Any person who shall knowingly issue, pay out or pass, and any body corporate, or any officer, stockholder, *director* or any agent thereof who shall issue. . . ."

Sec. 348.19, Stats., relating to receiving deposits during insolvency, reads: "Any officer, *director,* stockholder, cashier, teller, manager, messenger, clerk or agent of any bank. . . ."

It will be noted that in all the foregoing statutes the legislature used the words "officer" and "director" separately. We must presume that if the legislature had intended to make a director subject to the statute here involved, it would have specifically used the word "director" in the statute just as it did in the other statutes above quoted.

The state's contention that the defendant in error comes within the statute because he was a "person engaged in the business of receiving deposits of money for safekeeping" cannot be sustained. The statute must be interpreted with knowledge of conditions existing at the time it was enacted. Prior to and at the time sec. 348.179, Stats., was enacted, it was lawful for an individual to engage in the business of receiving deposits for safekeeping. It was shortly after the

passage of the criminal statute that the legislature enacted ch. 285, Laws of 1909, which made it unlawful, among other things, for any person or copartnership to do banking business without being incorporated under the state banking act. The fact that there were individuals engaged in the business of receiving deposits of money for safekeeping at the time that sec. 348.179 was passed by the legislature clearly accounts for the first classification named in the statute, "any person engaged in the business of receiving deposits of money for safekeeping. . . ." The law (ch. 285, Laws of 1909) requiring individuals engaged in the business of receiving deposits to incorporate was challenged in *Weed v. Bergh,* 141 Wis. 569, 124 N. W. 664. The constitutionality of the statute was upheld. Also a conviction for the violation of its provisions was sustained in *MacLaren v. State,* 141 Wis. 577, 124 N. W. 667. With this history in mind, the separate classification of persons engaged in the business of receiving deposits of money for safekeeping can only relate to individuals engaged in that business as distinguished from corporations organized under the state banking act. The complaint in this action designates the Milwaukee Commercial Bank as being "engaged in the business of receiving deposits of money for safekeeping and in the general banking business." It is the banking corporation, and not the individual director, which is engaged in the business of receiving deposits of money for safekeeping.

On neither theory of the state's case does the defendant in error come within the terms of the statute. The defendant should have been discharged at the conclusion of the preliminary hearing. The order of the circuit court discharging the defendant in error from custody must be affirmed.

*By the Court.*—Order affirmed.